THE CHAUTAUQUE COUNTY BANK *vs.* DAVIS and others.

Where a *bill of exchange* is sent to an agent for *collection*, and merely for that purpose is endorsed to such agent in full, on the bill being returned to the owner protested, he may strike out the endorsement and bring an action in his own name ; it is not necessary in such case there should be a re-endorsement.

THIS was an action of *assumpsit*, tried at the Chautauque circuit in July, 1838, before the Hon. NATHAN DAYTON, one of the circuit judges.

The suit was brought on a bill of exchange, drawn by *Henry Davis* and three other persons on *William Davis*, of

the city of New York, for the sum of $2536 61, dated at Brockport, 25th November, 1835, payable to the order of *A. D. Patchin, Esq.* three months after date. The action was *joint* against the drawers and acceptor, and was commenced by the service of a declaration, which contained the *money counts*, and had attached to it a *copy* of the bill of exchange, with the following endorsements : " Pay Richard Yates, Esq. cashier, or order, (signed) A. D. Patchin, cashier ;" and, " Pay H. Baldwin, cashier, or order, (signed) R. Yates, cashier, per F. Leake." The signatures of the *drawers* and *acceptor*, and also due notice of dishonor, were admitted. The bill of exchange was then read in evidence, having all the endorsements stricken out, except the signature of *A. D. Patchin, cashier*. The plaintiffs rested, and the defendants moved for a nonsuit, on the ground that *title* to the bill was not shown in the plaintiffs. The plaintiffs thereupon proved that the bill belonged to them, that *A. D. Patchin* was cashier of the Chautauque County Bank, and that the endorsements to *Yates* and *Baldwin* were made solely for the purpose of collection. Whereupon the judge directed the jury to find a verdict for the plaintiffs, which was done accordingly. The defendants ask for a new trial.

*J. A. Spencer*, for the defendants.

*A. Taber*, for the plaintiffs.

*By the Court*, NELSON, Ch. J. The only question in the case material to notice is, whether the plaintiffs were warranted in striking out the special endorsements on the bill, so as to show a legal title in themselves.

The point I think was settled in *Bank of Utica* v. *Smith*, 18 Johns. R. 230. There the note was payable to the order of P. Smith, who endorsed it in blank ; and the cashier of the plaintiffs filled it up, payable to *W. Fish*, for the purpose of collection. When returned dishonored, the plaintiffs struck out the special endorsement, leaving it in blank. The court say that *Fish* never had any interest in the note ; that he was the mere agent of the plaintiffs, and that it was

settled in such a case that the holders might strike out the transfer, and make it payable to themselves. *Dugan* v. *The United States*, 3 Wheat. 172, is referred to, which is as strong a case as the one under consideration. That was a bill payable to the order of J. Clarke, and, by several intermediate endorsements, came to T. T. Tucker, treasurer of the U. S. or order. He purchased it for the government with government funds. It was afterwards endorsed by him to Messrs. Willinks & Van Saphorst specially, by whom the bill was presented for acceptance, and acceptance refused. When produced, the last endorsement was still on the bill, and the objection taken that the plaintiffs could not recover without showing a re-endorsement. But the court held that the case fairly implied that the endorsees were merely agents for collection, and that in such cases re-endorsement was unusual and unnecessary. In this case the agency is expressly proved, after which there can be no possible objection to the owners, *the principals*, when the paper is returned, striking out all subsequent endorsements ; even before the *return*, they might revoke the authority, and forbid the collection ; and surely, when returned, and the agency at an end, they may obliterate the evidence of the authority.

It was said that *parol* evidence was inadmissible to show that the plaintiffs owned the note. But it is every day's practice in the collection of notes and bills, to admit proof of the real owner, and to regard him as the party, though the suit may be in a different name.

The opinion in the case of *Dugan* v. *The United States*, goes much farther than is necessary here : for it was held, that if any person endorse to another a bill of exchange, whether *for value* or *collection*, and shall come again to the possession of it, he shall be regarded, unless the contrary appear, as a *bona fide* holder, and may recover, notwithstanding there may be subsequent endorsements in full, without re-endorsement.

New trial denied.