## H. A. CHEVER, Appellant, *v.* JOHN C. HAYS, Sheriff, Respondent.

A voluntary assignment, executed for the benefit of creditors, is void if not made in conformity to the statute of May 4th, 1852, entitled " An act for the relief of insolvent debtors, and protection of creditors."

In construing statutes, force and meaning should be given to every part and courts will not, except when the language is so vague and indefinite as to be wholly destitute of meaning, reject any portion.

The hardship of a rule in special cases is no solid argument against it.

APPEAL from the District Court of the Fourth Judicial District, for the County of San Francisco.

The plaintiff, as assignee of Ryan and Duff, complains of defendant, Sheriff of San Francisco, that the plaintiff, on the 30th day of May, 1853, was possessed, as assignee and trustee, by deed from Ryan, Duff & Co., in trust to pay all the debts of the said firm, of one million feet of lumber, of the value of $50,000, and plaintiff being so seised, the said lumber came into the possession of the defendant unlawfully, under an attachment issued against said Ryan, Duff & Co.    That plaintiff is entitled to the possession of said lumber as assignee aforèsaid, yet defendant has refused, &c., and detains the same, under the said attachment.

The defendant demurred to the bill.    The following facts were agreed upon on the argument.

That Ryan & Duff made a voluntary general assignment of all their estate, real and personal, to the plaintiff, for the benefit of their creditors, on the      day of May; 1853, that such assignment was not made in accordance with any of the provisions of the act relating to insolvent debtors ; that the defendant, Hays, took possession of the lumber under and by virtue of an attachment issued out of the District Court of the Fourth Judicial District, in the suit of A. C. Check against the said Ryan, Duff & Co. ; that the debt to said Check was contracted after the said insolvent law went into operation, to wit, December 28, 1852.

The court sustained the demurrer, and gave judgment for defendant, and plaintiff appealed.

*Sloan* and *Botts*, for appellant.

The deed of assignment is rendered void by the 39th sect. of the Act of 4th May, 1852; Stat. 52, p. 69. The words "insolvent debtor," used in section 39, mean a technical insolvent, who seeks the benefit of the insolvent law, and the word "assignment" applies to the process by which the debtor is enabled to obtain his discharge, by executing an *assignment* of all his property, as required by the 1st sect. of the act: see said 1st sect. and sect. 39. The counsel cited 5 Gill. & Johns. 378; 6 do. 216; 2 Kent, 394, note a; 4 Mason, 209.

*M'Allister*, *Smith*, and *Rose*, for respondent.

MURRAY, Chief Justice, delivered the opinion of the court. HEYDENFELDT, Justice, concurred.

The only question presented by the present case is, whether a voluntary assignment, executed for the benefit of creditors, is void, if not made in conformity with the statute of May 4th, 1852, entitled " An act for the relief of insolvent debtors, and protection of creditors."

The decision of this question turns upon the construction of the 39th section of the act referred to, which declares, that no assignment of any insolvent debtor, other than as provided in this act, shall be legal or binding on creditors.

It is contended that this section only operates upon insolvent debtors within the meaning and applying for the benefits of the act, and that the common law rights of a debtor to prefer or assign, for the benefit of his creditors, is not taken away or affected by the statute.

In support of this position the case Hickley *v.* The Farmers and Mechanics' Bank, 5 Gill and Johns., has been cited. In that case it was declared by an act of the legislature, that " any deed, &c., made to a creditor or surety by any person with a view or under an expectation of being, or becoming, an insolvent debtor, and with the intent thereby to give an undue and improper influence to such creditor, should be void ;" and the court held that

the words *with a view or under an expectation of becoming an insolvent debtor* meant, with a view or under the expectation of taking the benefit of the insolvent laws. In this case the legislature was treating of insolvency, and the words, "with a view or under an expectation of becoming an insolvent," were very properly held to apply to insolvency under the statute, or technical insolvency, as contradistinguished from the general acceptation of the terms.

The language of our statute is different, and it will appear from an examination of the various sections of the act, that the phraseology of the 39th section is not the result of accident, but was carefully, although perhaps inartificially, framed.

The 29th, 30th, and 31st sections, provide, that if the debtor shall have been guilty of certain conduct, &c., " he shall be deprived of the benefit of the act."

Where then is the necessity of the 39th section, if it was intended to include only cases arising under the statute, as they have been already provided for in the previous section. In construing statutes, force and meaning should be given to every part of them, and courts will not, except in cases where the language is so vague and indefinite as to be wholly destitute of meaning or construction, reject any portion of them. The act or condition of being an insolvent debtor, is a substantive fact, arising out of an existing state of circumstances, independent of legislation.

The legislature has pointed out the mode by which these persons may escape from the liabilities which misfortune, or their own imprudence, may have brought upon them ; to do this a certain course must be pursued, and unless it is strictly followed, all the benefits of the act are lost. After having provided this, it certainly would be a useless piece of repetition to enact the 39th section of the act, when the bill would be equally perfect in all its parts without it; and by the very terms of the act, the assignment would not be binding on creditors, unless made in conformity with the provisions of said act. This construction would destroy the weight of the whole section, and involve the legislature in an absurdity which we are unwilling to believe they intended.

Assignments for the benefit of creditors (so called), have long been looked upon with jealousy as a fruitful source of fraud and litigation, and the modern decisions of courts have tended to discountenance rather than to maintain them. There can be no doubt, from a careful examination of the statute under advisement, tested by sound rules of construction, that the legislature intended to strike down every species of assignment, except those made in conformity with the statute; and this is the only construction that will give full effect to the whole act.

It is true, this rule may work severe hardship in the cases, supposed by the appellant's counsel, but this forms no solid argument; and the fact that many debtors, who do not wish to be relieved from their liabilities, will be prevented from assigning their property for the benefit of all their creditors, does not necessarily follow, as they may have their assets distributed under the statute, without proceeding to obtain a discharge.

It is hardly to be expected, that the legislature could know or provide for all the cases of hardship that might arise under the act. No system of human law is perfect, and the inequalities complained of in the present case are a proper subject for legislative improvement rather than judicial interference.

Judgment affirmed.