GROSCHEN v. PAGE, et al.

An assignment for the benefit of certain parties, who have undertaken to guaranty the payment of such creditors of the assignor, as consent to an extension of time or a substitution of security, is void.

A partial or special assignment is equally void as a general assignment, and being void because it delays and hinders creditors, as well as because it is against the policy of the statute, can not be cured by the intervention of third parties, who voluntarily assume to do that for the indulgent creditors, which the debtor himself could not do.

APPEAL from the District Court of the Fourth Judicial District.

Action by a judgment creditor of Page, Bacon & Co., after return of *nulla bona* on execution, to set aside an assignment made by the members of that firm to John Parrott and Henry M. Naglee, in trust for the security of themselves and others, who had guarantied the payment of about $400,000 of the indebtedness of that firm, to such creditors as would surrender their credits and take in exchange time certificates, under which the sums due would be payable in four equal instalments, at two, four, six and eight months. The complaint charges that the assignment was made to hinder and delay creditors, and was fraudulent as to the plaintiff. Parrott and Naglee and the members of the firm of Page, Bacon & Co., are made defendants in the complaint, which prays for an injunction to restrain the disposing of the property assigned, and

for a decree declaring the assignment fraudulent; and that Parrott and Naglee be decreed to pay the amount due the plaintiff out of the moneys and property in their hands. The defence sets up the facts on which the assignment was founded, denies that it was made fraudulently or with intent to hinder or delay creditors, but simply to secure themselves from the liability which they had assumed, in order to enable Page, Bacon & Co. to resume business, which it was believed they could successfully do by the assistance thus rendered; that after the execution of the guaranty, nearly all the creditors, representing demands amounting to $400,000, who had signed the agreement to take time certificates, had done so on the faith of the guaranty. That subsequently, Page, Bacon & Co. had again suspended payment, and had failed to pay the first and second instalments due on the time certificates, both of which were due, and for which defendants and those with them intended to be protected by the assignment, had become liable. These facts are not disputed. The Court below decreed that there was due plaintiff on his judgment, the sum of $9,287 87 and interest; that the assignment was fraudulent and void; that all the property of every kind, which may have come into the hands of Parrott and Naglee, by virtue of the assignment, be handed over to the receivers appointed by the Court; and that the receivers pay plaintiff the amount of his judgment and costs of this action, or so much thereof as the said funds will enable them to pay.

The defendants, Parrott and Naglee, appealed.

No brief on file for Appellants.

*Wm. Duer and D. Lake* for Respondents, cited Cheever *v.* Hays, 3 Cal., 471.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

In Cheever *v.* Hays, 3 Cal. Rep., 471, we held that an assignment for the benefit of creditors was void, unless made in conformity with the statute.

The only difference between that case and the present is, that instead of a general assignment for the benefit of all, the present defendants have attempted, by an assignment of their assets, to protect such of their creditors as would consent to an extension of time, or a substitution of security.

The mere statement of this proposition would be sufficient as against the defendants, Page, Bacon & Co.; but the guarantors of their certificates, to whom their assets were assigned, claim that they have equities which take the case out of the rule before laid down, and that they are interested in the assets in their hands. This must depend on the nature of the assignment. The firm was insolvent, and the only way in which the property could be disposed of was by a bill in chancery, to distribute it ratably among their creditors. Instead of resorting to this method, a different one is pursued to bolster up the credit of the firm.

Those of the creditors who were willing to accept new certificates of deposit, payable in two, four, six and eight months, were guarantied their debt upon the faith of solvent men, who were willing to sustain the house, while those who were unwilling to accede to these terms were left to get their money as they could.    Had this been a direct assignment for the benefit of those creditors, who thus consented to extend the time of payment, no one would have contended it was valid.    How then, can it be sustained by the intervention of third parties, who undertake to guaranty particular creditors.    Certainly what the law had tainted with fraud in its inception, can lose none of its concomitants by passing through a multiplicity of hands.    A partial or special assignment is equally as void as a general assignment; and being void because it hinders and delays creditors, as well as because it is against the policy of the statute, cannot be cured by the intervention of third parties who voluntarily assume to do, for complaisant or indulgent creditors, what the judgment debtor himself could not.

It is unnecessary to pass upon the ultimate liability of the guarantors, as it is not involved.

Judgment affirmed with costs.