## McALLISTER *v.* STRODE *et al.*

A party who seeks the benefit of the Insolvent Law, must comply strictly with its provisions.

Where an insolvent was liable on a note made by S. to him, and by him endorsed to R., and by him over to M., and describes the same in his schedule, viz. : " To R, I am contingently liable for one thousand dollars and interest, as endorser for one S., upon a promissory note, made and executed by said S. to said R. :" *Held*, that the description was insufficient, for inaccuracy, and that his discharge in insolvency is no bar to a recovery on the note.

The petition in insolvency must state the name of each creditor, if known, and if unknown, such fact must be stated.

Appeal from the Superior Court of the City of San Francisco.

The defendant, Strode, made his promissory note, dated November 30, 1853, and payable six months after date, to defendant, E. L. Beard, or order, for one thousand dollars. The note was endorsed in blank by Beard, and passed to Julius K. Rose, who afterwards passed it to plaintiff. Protest was waived by Beard, in these words, endorsed on the note : " Protest waived, E. L. Beard." In December, 1854, Beard petitioned the Judge of the Third Judicial District for relief, as an insolvent debtor, under the act of May 4, 1852 ; and attached to his petition were two schedules, referred to in the petition, and marked " A " and " B." There was no signature to the petition, and none to schedule " A," but schedule " B " was signed " E. L. Beard," and the proper affidavit was annexed to schedule " B," in which affidavit the affiant referred to " the schedule now delivered by me." There was no " list of losses " contained in the schedule. Schedule " A " purported to contain a statement of debts due by the petitioner, and " B " purported to contain a statement of his property and effects. In schedule " A " the note of Strode to Beard was thus described : " To Julius K. Rose, I am contingently liable for one thousand dollars, and interest, as endorser for one Strode, upon a promissory note, made and executed by said Strode, to said Rose, for one thousand dollars, dated November 30, 1853, given for cash lent by Rose to Strode." The consideration of the note was, in part legal services rendered by the firm of McAllister & Rose, as attorneys, to Strode, and in part money due by Strode to Julius K. Rose. Upon a division of the debts due to the firm of McAllister & Rose, this note fell to McAllister, in the latter part of 1853, who brought suit upon the same, against defendants, in May, 1856, the defendant, Beard, having been discharged under the proceedings in insolvency, in March, 1855. The defendant, Strode, made no defence, and the defendant, Beard, answered, denying the allegations of the complaint, and setting up, affirmatively, his discharge, as an answer

to the action. The plaintiff, upon the trial, objected to the introduction of a certified copy of the record in the insolvency proceedings, upon various grounds, which objection was overruled by the Court below, and judgment given for defendant, Beard, to which plaintiff duly excepted, and then appealed to this Court.

*W. S. Reese* for Appellant.

Clarke *v.* Wright, 5 Martin's Rep. N. S., 122, affirms the doctrine laid down in Herring *v.* Levy, 4 Martin, 383. Porter, J., delivered the opinion of the Court: " The creditor who brought the suit was not put on the bilan, (i. e., schedule,) though the debt to him was. He was endorsee of the note, and the insolvent had no notice of the transfer. It has, only lately, been decided in this Court, and that after much reflection, for the point was very doubtful, that persons who issue negotiable paper must take the risk, in case of insolvency, of ascertaining the *bona fide* holder; and that their neglect in doing so was not cured by placing the debt on their schedule, in the name of the payee. Herring *v.* Levy."

Both of the cases last cited are much stronger on the part of the defence, than that shown by the defendant in the present action.

In both, the debt is correctly described, but in the case before the Court there is three-fold error:

1. The true holder is not given.

2. The note is incorrectly described, as being made to Rose, when Beard was the real payee.

3. The note is described as a contingent liability, when, in fact, it had been an absolute debt against defendant, for nearly seven months previous to his petition in insolvency.

Suppose the plaintiff had examined the schedule of defendant, being acquainted with the provisions of the statute, he would naturally have looked first for his own name among the list of creditors; not finding it there, he would then have looked to those debts set down to unknown creditors.

Not seeing his own name specified in the list of creditors, and not finding his debt among those ascribed to unknown holders, would he not reasonably, and properly, and without possible charge of want of diligence, conclude that the demand he held was not enumerated in the insolvent's schedule?

The designation of the real creditor, or a statement that the creditor is unknown, are the only two courses sanctioned by the statute; anything else is a departure from the law, and violates the familiar rule that a statutory proceeding, in derogation of the common law, must be strictly pursued, to be in any way operative and efficient.

28

*Lockwood & Wallace* for Respondent.
No brief on file.

BURNETT, J., after stating the facts of the case, delivered the opinion of the Court.

The counsel for the defendant, Beard, has filed no brief and cited no authorities, except the opinion of the Court below, as found in the transcript. The counsel for plaintiff, in his brief, refers to the cases of Bainbridge *v.* Clay, 3 Martin, 262; Herring *v.* Levy, 4 ibid., 383, and Clark *v.* Wright, 5 ib., 122. The statute of Louisiana, for the relief of insolvent debtors, was passed March 25, 1808, and repealed the previous act, passed July 3, 1805, and various amendatory acts were subsequently passed prior to 1827. 1 Deslix's Digest, 567. The proceedings referred to in the cases cited, were had under the statutes of Louisiana; and the principles settled will apply, in part at least, to some of the questions arising in this case.

The first question naturally arising in this case, regards the rule of construction applicable to our statute. In the first case cited from Martin's Reports, the learned Judge, in delivering the opinion of the Court, said : " The right accorded by law to an unfortunate debtor to cede his property to his creditors, and thereby be relieved from personal arrests and pursuit for debts, may be properly considered a privilege and benefit enacted exclusively for him. To avail himself of such privilege, all the requisites of law should be fully complied with on his part, and so far as he has failed to comply with them, he loses its benefit."

The same doctrine was laid down by this Court in the case of Cheever against Hays, 3 Cal., 471. In that case, it was held that, " the Legislature has pointed out the mode by which these persons may escape from the liabilities which misfortune, or their own imprudence, may have brought upon them; to do this, a certain course must be pursued, and unless it is strictly followed, all the benefits of the act are lost."

From these authorities it legitimately follows—that the rule of strict construction must be applied to the act, and he who asks to enjoy its benefits, must comply strictly with its requisitions. And this rule would seem to be founded in the most manifest justice. When a party asks to be entirely absolved from all future liability upon his honest contracts, and thus to throw upon his innocent creditors the loss occasioned by his own misfortunes, or his own negligence and mismanagement, he should surely comply strictly with the little the law requires him to do. Having enjoyed the result and product of the honest labor of others, and having had all the *chances* of speculation exclusively to himself, then, when he seeks to throw all the *losses* upon those who furnished him the means upon which to operate, it is certainly

his plain duty to comply strictly with the law, which affords him a mode of paying his debts so summary and so easy.

It is evident, from the whole drift and spirit of the act, as well as from its terms, and the nature and reason of the case, that it was only intended for the relief of the honest and *bona fide* debtor, that it was not its purpose to reward fraud; and for that reason, all the guards provided by the statute to prevent fraud on the part of the debtor, and to protect the just rights of creditors, should be preserved and rigidly enforced by the Courts. These proceedings are novel and extraordinary; are created by statute in derogation of the common law and of common right, and should be strictly enforced.

The only objection we shall notice, is the alleged insufficiency of the description of the debt in the schedule " A."

The statute of Louisiana requires the insolvent to give "the names of his creditors" in his schedule; and our statute requires him to give "the names of his creditors, if known." In the case of Herring *v.* Levy, the note sued upon was made payable to Isaac Riley, and by him regularly endorsed to Herring. In the proceedings in insolvency, the note sued on was placed to the credit of the original payee, and not to that of the plaintiff. The Court held, "that persons who issued negotiable paper, must take the risk, in case of insolvency, of ascertaining the *bona fide* holder, and this neglect, in so doing, is not cured by exhibiting the debt due to the original payee when the note has been regularly transferred to another person." This decision was affirmed in the subsequent case of Clark *v.* Wright, and seems to be the settled construction of the Supreme Court of Louisiana. In both these cases, the notes were correctly described, but the names of the then present holders were not given.

The third section of our statute requires the names of the creditors, if known, to be given, and this undoubtedly means present, not past creditors. There are only two ways in which the insolvent can comply with this requisition. First, He must give the name, if known; second, if the creditor be unknown, he must state the debt correctly, and the fact, that the creditor is unknown. In the present case, the petitioner should have simply stated the facts, that Strode made the note to him or order, bearing a certain date, due at a certain time, and for a specified amount, and that he endorsed it in blank, and passed it to Rose, but did not then know who was the *bona fide* holder. The name of the creditor was not given, and it was not alleged that his name was unknown, and the note was not so described that the real owner could have come into Court without further proof, and obtain his share of the estate of the insolvent, because the bare production of the note itself would not have proved that it was the same note as described in the schedule.

The grave importance of the other points involved, and the

limited examination given the case by the counsel, render it most prudent for us not to pass upon other features of the case. The Court below will render judgment for the plaintiff in accordance with this opinion.

MURRAY, C. J.—I concur in the foregoing judgment, because the note sued on is improperly described in the defendant's schedule. It is drawn payable to E. L. Beard, and not to Rose. Upon the other questions decided, I express no opinion.