## NAGLEE & PARROTT, Receivers of Page, Bacon & Co. *v.* LYMAN.

A LETTER of credit, promising unconditionally to accept bills drawn upon its faith, is deemed, under our statute, an actual acceptance in favor of a person who, upon its faith, receives a bill so drawn, for a valuable consideration.

It is no objection to recovery on a bill, that, by special indorsements on it, title is shown out of the payee, without any retransfer from the last indorsee to him, if there be proof that the indorsements were made simply for collecting the bill, and that the indorsees had no interest in it.

If, when a creditor takes a bill before maturity, as collateral security for an antecedent debt, there be any change in the legal rights of the parties in relation to such debt, the creditor becomes a holder for value, and the bill is not subject to the equities between the original parties.

In this State, taking such collateral security changes the legal rights of the parties, as it operates as a surrender, by the creditor, of the right to attach the property of the debtor, and this surrender is a sufficient consideration for the security.

The transfer to a receiver, by order of Court, of the effects of an insolvent, in the suit of a judgment creditor, is not an assignment absolutely void under the Insolvent Act of 1852, according to any decisions of this Court, but only void as against the claims of creditors. The cases of *Cheever* v. *Hays*, (2 Cal. 471,) and of *Adams* v. *Woods et al.* (8 Id. 152,) on this point, explained.

APPEAL from the Fourth District.

To the facts stated in the opinion it is only necessary to add, that the plaintiffs were appointed receivers of Page, Bacon & Co. at the suit of judgment creditors of that firm.

*C. Temple Emmet*, for Appellant.

1. The plaintiffs, as receivers of the effects of Page, Bacon & Co. had no authority to institute this suit.

2. The special indorsements on the bill show that the title had

passed out of Page, Bacon & Co. and there is no retransfer from the last indorsee to them.

3. Page, Bacon & Co. gave no consideration for the bill. They took it as security for an antecedent debt of Clifford & Co. but without extinguishing the debt, or giving further time on it, or releasing any other security. (*Coddington* v. *Bay*, 20 Johns. 637; *Bank of St. Albans* v. *Gilliland*, 23 Wend. 311; *Wardwell* v. *Howell*, 9 Id. 170; *Stalker* v. *McDonald*, 6 Hill, 95.)

Respondents rely upon the decision of Judge Story, in the case of *Swift* v. *Tyson*.

An examination of that case will show that Tyson's acceptance was transferred to Swift, not as security for Morton & Keith's debt, but in absolute payment and extinguishment of the debt. This was a good consideration for the transfer, and sufficient to support the conclusion arrived at by the Court.

If, in the case at bar, Clifford & Co. had transferred negotiable paper with Lyman's name on it, there would have been a similarity between the two cases upon this point. But a letter of credit is not a negotiable instrument. (See 1 Am. Lead. Cases, by Hare & Wallace, 327, 3d Ed. 1852, in Note to the case of *Weston* v. *Tyler*, and other cases.) And in this respect, the case at bar differs from the case of *Payne* v. *Bensley*, recently before this Court.

And, apart from the mere question of negotiability, the difference between the transfer of an accepted bill, and drawing against a letter of credit, is marked.

An accepted bill is an evidence of indebtedness. But a letter of credit is not an evidence of indebtedness. The person to whom it is shown has no right to conclude that the maker of it is indebted.

*Crockett & Crittenden*, for Respondents.

1. Our statute provides, (Acts 1850, p. 248, Sec. 8,) that "an unconditional promise in writing, to accept a bill before it is drawn, shall be deemed an actual acceptance in favor of every person, who, upon the faith thereof, shall have received the bill for a valuable consideration."

The defendant, in his letter of credit, authorizes Clifford & Co. to draw upon him, at sixty or ninety days' sight, for any sums

not exceeding twenty thousand dollars in the whole, and agrees with the drawers, indorsers, and *bona fide* holders of the bill drawn by virtue of this credit, that the same shall be duly honored when presented at his counting-house in Boston.

The only questions are : 1st. Whether Page, Bacon & Co. are the *bona fide* holders of the bill; and, 2. Whether they received it for a valuable consideration.

On the first point there is no doubt. They had often before bought bills, drawn by Clifford & Co. on the defendant, on similar letters of credit, which had been duly paid. They had been offered a bill for twenty thousand dollars, on this same letter of credit, which they had declined to buy, only because it was on too long time; but they advanced, on the security of the letter, twenty thousand dollars, in their own bills, which was promptly refunded to them at the time agreed. They had every right, therefore, to rely on the letter as a valid security.

2. Did they receive it for a valuable consideration ?

The whole doctrine as to what constitutes a valuable consideration sufficient to support a bill, as between any of the parties to it and the holder, is fully stated by Judge Story, in his Treatise on Bills of Exchange, (Section 183, and following,) and he cites the cases of *Townsley* v. *Sumrall*, (2 Pet. 170,) and *Swift* v. *Tyson*, (16 Id. 11.)

In the latter case all the authorities in the Courts of England and the United States on the question, are reviewed at length, and the Court is unanimous in the opinion that the pre-existing debt is a sufficient consideration. The same doctrine is stated in 3 Kent's Com. (Sec. 44, p. 81.)

For a full collation of the authorities, see Story on Bills of Ex. (Sec. 192, and Note.)

Even the settlement of a doubtful claim, preferred against the party, will be a sufficient consideration, without regard to the legal validity of the claim, if fairly made. (Story on Bills, Sec. 183; 3 Hill, 504.) See, also, *Blanchard* v. *Stevens*, (3 Cush. 162,) where the New York and Massachusetts cases are reviewed at length. The same doctrine is maintained by the Supreme Courts of Ohio, Connecticut, and Maine. (11 Conn. 388; 11 Ohio, 172; 4 Shep. 177; 2 App. Maine, 175.)

Naglee *v.* Lyman.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

In 1854, the defendant gave Clifford & Co. of San Francisco, a letter of credit, authorizing them to draw upon him at Boston or New York, at sixty or ninety days' sight, for any sums not exceeding twenty thousand dollars. The object of the credit was to énable Clifford & Co. to raise funds at San Francisco, and to remit the same to the defendant. They had, in fact, no interest in the transaction, the proceeding being a mere device on the part of the defendant to raise money on the time drafts of Clifford & Co. for his own use. Upon receiving the letter, Clifford & Co. applied to Page, Bacon & Co. to cash their bills on the defendant for the amount of the credit, payable sixty days after sight. Page, Bacon & Co. refused to do this, as the bills had too long to run, but after some negotiation sold their own sight bills on Boston, for the amount, to Clifford & Co. upon the promise of the latter to pay for the same within three or four weeks, retaining, by agreement, the letter of credit as collateral security for the payment. Soon afterward the costs of the bills were paid to Page, Bacon & Co. but through inadvertence the letter of credit was not withdrawn from their possession. Previous to this letter, Clifford & Co. were indebted on their own note to Page, Bacon & Co. in the sum of fifteen thousand dollars, of which amount ten thousand remained unpaid in February, 1855, when the latter firm suspended payment. For this balance security was demanded; and upon the suggestion of one of the firm of Page, Bacon & Co. a bill for the amount was drawn by Clifford & Co. upon the defendant at Boston, based upon the letter of credit, payable in sixty days after sight to the order of Page, Bacon & Co. and delivered to them. The bill was taken as collateral security merely, and not in payment of the note. Upon presentation of the bill at Boston, acceptance and payment were refused, and the bill was accordingly returned under protest. The plaintiffs were appointed receivers of the effects of Page, Bacon & Co. by order of the District Court, and authorized to institute suit for the collection of demands of that firm, in their hands as such receivers. They recovered judgment and defendant appeals.

Some attempt was made to show that the credit was revoked

by the defendant previous to the drawing of the bill in suit, but the evidence on the point was too slight to justify any conclusion to that effect. The question upon which the case must turn relates to the sufficiency of the consideration given by Page, Bacon & Co. The non-acceptance of the drawee cannot affect his liability; the letter of credit containing an unconditional promise to accept the bills, drawn upon its faith, and the statute providing that such promise in writing, made before the bill is drawn, shall be deemed an actual acceptance in favor of every person, who, upon its faith, shall receive the bill *for a valuable consideration.* (Laws of 1850, Ch. 100, Sec. 8.) The objection to the authority of the plaintiff as receivers to institute the suit is answered by the finding of the Court, which we must presume, in the absence of anything to the contrary in the record, was based upon proper evidence of the fact, and the objection that the special indorsements on the bill show title out of Page, Bacon & Co. as there was no retransfer from the last indorsee to them, is met by the proof that the several indorsements were made for the purpose of collecting the bill, and that the indorsees had no interest in it. (See the *Chatauque County Bank* v. *Davis et al.* 21 Wend. 584: *Dugan et al. Executors, etc.* v. *The United States,* 3 Wheat. 172; and *Dollfus* v. *Frosch,* 1 Denio, 367.)

The point, then, for determination is this: Did Page, Bacon & Co. receive the bill in suit for a valuable consideration? For its solution it is unnecessary to pass upon the much mooted question, whether negotiable paper, taken before maturity, as collateral security for an antecedent debt, without any change in the rights of the creditor in relation to such debt, is subject to the equities existing between the original parties, if such question can be considered as an open one after the decision of this Court in *Robinson* v. *Smith,* at the last term, (*ante,* 94.) In *Payne* v. *Bensley,* (8 Cal. 266,) the Court only intimated its opinion; the decision was placed on another ground. All the authorities, however conflicting in other respects, concur in the rule that where there is any change in the legal rights of the parties in relation to the antecedent debt, the creditor taking the collateral security is considered as a holder for value, and the paper not subject to equities existing between the original parties. Judged

by this rule, Page, Bacon & Co. are entitled to be considered as holders for value. By the provisions of the law in force in this State at the time, their right to proceed by attachment to enforce the payment of the note of Clifford & Co. was surrendered and lost upon acceptance of the security. Clifford & Co. had just previously suspended payment, and in surrendering the right to the process of attachment, Page, Bacon & Co. gave up the most effective, if not the only, remedy to collect the note. This surrender was a sufficient consideration for the security. It was so adjudged in *Payne* v. *Bensley.* Whether, in fact, Clifford & Co. did or did not profit by the surrender, is a mere matter of conjecture, and is of no consequence. Any suspension or forbearance of a legal right constitutes a sufficient consideration for a note or bill, without regard to the possible result, in the given case, of any attempt to enforce such right. We cannot say, without going into a consideration of collateral matters, whether Page, Bacon & Co. were in fact in any respect damaged. It is possible, that had they not received the bill, they might have sought other security, or have pursued with success the stringent remedy afforded by the attachment law.

Judgment affirmed.

On petition for rehearing, the following opinion was delivered by FIELD, C. J.—COPE, J. concurring.

The points made by the Appellant, on the rehearing, are as follows : 1st. That the plaintiffs are not authorized to maintain the action by virtue of their appointment as receivers. 2d. That the letter of credit was exhausted before the bill in suit was drawn ; and, 3d. That Page, Bacon & Co. were not innocent holders of the bill.

The first point we noticed in our former opinion. We there stated that the finding of the Court furnished an answer to the objection, and that we must presume, in the absence of anything to the contrary in the record, that the finding was based upon proper evidence. There is in fact nothing in the statement embodied in the transcript which calls its correctness in question ; and there is nothing in the complaint disclosing anything in the relation which the plaintiffs bear to the assets of Page, Bacon & Co. different from that held by the receivers of an insolvent ap-

pointed in an equity suit brought by a judgment creditor. As receivers, they were required to take possession of the assets, and by order of the Court, were authorized to institute suits for their collection. The 39th Section of the Insolvent Act only declares that no assignment, except in pursuance of its provisions, shall be legal or binding upon creditors. The case of *Cheever* v. *Hays*, (3 Cal. 471,) only decides that the section applies to voluntary assignments for the benefit of creditors, and is not limited to assignments by insolvents applying for the benefit of the Act, as was contended on the argument. The case of *Adams* v. *Woods et al.* (8 Cal. 152,) only decides that an assignment to a receiver in a suit to dissolve a copartnership, cannot operate so as to prevent a creditor of the firm from pursuing his remedy at law before decree, and thereby acquiring a preference or lien upon the partnership assets. There are, it is true, expressions in the opinion in this last case, which, disconnected from the facts, would lead to the inference that a transfer to a receiver of the effects of a defendant, under the order of the Court, would be regarded as an assignment prohibited by law, and absolutely void. But the statute does not, neither do the decisions, when considered with the facts upon which they were rendered, declare such assignments to be absolutely void, but only void as against the claims of creditors. In the present case no question of the kind arises. No creditors of Page, Bacon & Co. are claiming the bill in suit, or its proceeds against the receivers.

The second point is without support from the evidence. Page, Bacon & Co. expressly refused to cash bills drawn upon the letter of credit, assigning as a reason, that the bills authorized by it had *too long to run*. They, however, after some negotiation, sold their own sight bills on Boston, to Clifford & Co. upon the promise of the latter to pay the same within three or four weeks, retaining the letter of credit as collateral security. This letter constituted in fact no security at all, though, as it would appear, Page, Bacon & Co. thought otherwise. Its possession conferred no right to any claim against the defendant, either in law or equity. It remained in the bank unrevoked and unused, until the bill in suit was drawn against it.

The third point made by the Appellants is answered by the finding of the Court. The case was tried without a jury, and

the Court expressly finds, that Page, Bacon & Co. were *bona fide* holders and owners of the bill, and that they received it for a valuable consideration, on the faith of the letter of credit. The statement does not purport to set forth all the evidence in the case; and even assuming that it does, the evidence is not so clearly and palpably against the finding as to justify any interference by this Court. The statements of the only witness whose testimony is given, are not very consistent with each other, or with the contents of the subsequent letter written by Clifford & Co. to the fiefendant, informing him of the drawing of the bill.

Judgment affirmed.