*Hartford,* *June,* 1823.

*Alford* *v.* *Belden.*

—◁◆▷—

## ELDRED *against* HAWES.

In an action by the payee against the maker of a promissory note, payable at a particular place, a demand at the place specified is not a condition

*Litchfield,*
June,
1823.

Eared
*v.*
Hawes.

precedent to the plaintiff's right of recovery, and need not, therefore, be averred in the declaration.

This was an action against the defendant as the maker of a promissory note. The plaintiff declared, That the defendant, in and by a certain writing or note, under his hand, by him well executed, dated the 8th day of *September, anno Domini,* 1818, promised the plaintiff, to pay to him, for value received, the sum of 307 dollars, with interest from the 1st of *April,* 1819, to be paid on the 1st of *April,* 1820, at the plaintiff's dwelling-house in *Warren ;* yet that the defendant, his promise aforesaid not regarding, had never performed the same, (though often requested and demanded,) to the damage of the plaintiff, &c. To this declaration, there was a demurrer ; and the case was reserved for the advice of all the Judges.

*Bacon,* in support of the demurrer, contended, That where a particular place of payment is specified, and *embodied* in the security, this is not merely *modal,* but is of the *substance* of the contract ; and it is incumbent on the holder to shew performance on his part, by making presentment at the place specified, before he can claim performance of the other party. This is conformable to the general principles of law ; and the precise point is now *settled* in *England.* In most of the few cases, in which a presentment at the place had been previously held to be unnecessary, the designation of the place was in the *margin,* and not in the *body,* of the instrument. He referred to *Morton* v. *Lamb,* 7 *Term Rep.* 121. 125. *Rawson* & al. v. *Johnson,* 1 *East* 203. 208. *Parker* v. *Gordon,* 7 *East* 385. *Callaghan* v. *Aylett,* 2 *Campb.* 549. S. C. 3 *Taun.* 397. *Huffman* & al. v. *Ellis,* 3 *Taun.* 415. 417. n. *Trecothick* v. *Edwin,* 1 *Stark. Rep.* 468. *Garnet* v. *Woodcock* & al. 1 *Stark. Rep.* 475. *Sanderson* v. *Bowes* & al. 14 *East* 500. *Butterworth* v. Lord *Despencer,* 3 *Mau.* & *Selw.* 150. *Bowes* & al. v. *Howe,* 5 *Taun.* 30. *Rowe* v. *Young,* 2 *Brod.* & *Bing.* 165. *Woodworth* v. *Bank of America,* 19 *Johns. Rep.* 391. *Berkshire Bank* v. *Jones,* 6 *Mass. Rep.* 524. *Woodbridge* & al. v. *Brigham* & al. 13 *Mass. Rep.* 556. He also adverted to, and commented on, *Fenton* v. *Goundry,* 13 *East* 459. *Wolcott,* admx. v. *Van Santvoord,* 17 *Johns. Rep.* 248.

*J. W. Huntington,* contra, contended, 1. That upon gener-

al principles of law, a presentment at the place specified in *Litchfield, June, 1823.* this note, is not a *condition precedent;* the promise to pay being absolute ; and it not being a reasonable construction of the whole contract, that if the note be not presented at the place, which may be prevented by inevitable accident, the debt is to be irrecoverably gone.   The court will not adopt this construction, if any other intelligible meaning can be given to the controverted words, or if they could have been used for any different purpose.   First, they were intended for the benefit of the promisee, by enabling him to present at a particular place, different from that at which he would otherwise have been required to make presentment.   *Per* Lord *Ellenborough,* 13 *East* 465.   Secondly, they were intended for the benefit of the maker, by enabling him to save the expense and trouble attending a tender to the person of the promisee, and relieving him from costs, damages and interest, upon failure to pay the holder personally.   *Per Bayley,* J. 13 *East* 471, 2.   Thirdly, they may be considered as an intimation to the holder, that. on presentment at the place specified, he might there obtain his money, without confining the liability of the maker to that place.

*Eldred v. Hawes.*

*Time* and *place* are not of the *essence* of the contract. They relate only to the *mode* in which the contract is to be *executed.*

The rights of the obligor and obligee are *mutual.*   If the obligee must *demand* at the place, the obligor can *tender* only there.   But would not a tender, on the day, to the *person* of the obligee, at his place of business, be good ?

If the debtor has suffered no loss, by neglect of demand at the place, why should he complain ?   If he has, ought he not to shew it ?

2.   That the preponderance of judicial authority is opposed to the construction claimed by the defendant.   He cited *Lawes' Assump.* 276.   *Chitty on Bills* 323.   *Wild* v. *Rennards,* 1 *Campb.* 425. n.   *Nicholls* v. *Bowes,* 2 *Campb.* 498. *Lyon* v. *Sundius & al.* 1 *Campb.* 423.   *Fenton & al.* v. *Goundry,* 13 *East* 459.   *Saunderson* v. *Judge,* 2 *H. Bla.* 509.   2 *Phil. Evid.* 25, 6.   *Head* v. *Sewell, Holt's Rep.* 363.   *Macbridge* v. *Woodruffe,* 2 *Stark. Rep.* 253.   *Foden & al.* v. *Sharp,* 4 *Johns. Rep.* 183.   *Wolcott,* admx. v. *Van Santvoord,* 17 *Johns. Rep.* 248.   *Ruggles* v. *Patten,* 8 *Mass. Rep.* 480. *Carley* v. *Vance,* 17 *Mass. Rep.* 389.   *Dodge* v. *Lanman,* cited 7 *East* 388. n. (*Day's* ed.)   The opinions of *Abbott, C. J.,*

*Litchfield,*
*June,*
*1823.*

Eldred
*v.*
Hawes.

*Richards,* C. B., *Graham,* B., *Bayley,* J., *Holroyd,* J., *Garrow,* B., *Richardson,* J. and *Best,* J. in the case of *Rowe* v. *Young,* 2 *Brod. & Bing.* 180. to 280. append.

HOSMER, Ch. J. The plaintiff has brought his action on a promissory note, made by the defendant, in which there is a promise to pay a specified sum, *at the defendant's dwelling-house.* The declaration contains no averment of a demand having been made at the place of payment; and the sole question is, whether the demand was essential, and constituted a condition precedent.

On a review of the decisions in *Westminster-Hall,* although they now hold a special demand necessary, and are a binding authority in the country where they were pronounced, I do not consider them as of any authority here. We are not bound by them as being precedents, but as being evidence of the common law; and from the diversity and contrariety of opinion expressed by the judges on the subject in question, I cannot admit the decisions alluded to, to be any evidence of what the common law is. In *Rowe* v. *Young,* 2 *Brod. & Bing.* 165. determined before the house of Lords, on the question now under discussion, four of the judges held a bill of exchange, accepted to be paid at a certain place, to contain an essential agreement in relation to the place of payment, and a precedent condition, which must be averred. And eight of the judges were of opinion, that there was no precedent condition comprised in the case, and that the averment of a special demand was unnecessary. Amidst this conflict of opinion, as there is nothing binding in the determination upon us, so there is neither propriety nor safety in adopting it. I forbear remarking on the previous determinations, and will only observe, that on a recurrence to them, the same diversity of opinion will appear. Our only resort must be to the sound construction of the contract in question, under the guidance of established principle.

Before the supreme court of the state of *New-York,* in *Wolcott,* administratrix of *Wolcott* v. *Van Santvoord,* 17 *Johns. Rep.* 248. which was an action on a bill of exchange, drawn payable at a particular place, it was decided, that it was not necessary to aver or prove a demand of payment, at the time and *place* appointed; but that the defendant, if he means to avail himself of the want of such demand, must plead that he was ready at the time and place appointed to pay, but that the

plaintiff did not come there, &c. ; which defence goes only to damages and costs, but not to the cause of action. In delivering the opinion in the case, the late Ch. J. *Spencer* reviewed the principal determinations, made in *Westminster-Hall,* with great ability ; and declared, that he could not conceive the decisions to be law, that a mere failure to present a note at the time and place of payment, and making a demand, shall exonerate the party forever, though the debt or duty remains.

A case very similar to the preceding, recently underwent a decision by the supreme court in *Massachusetts.* In *Carley* v. *Vance,* 17 *Mass. Rep.* 389. the plaintiff brought his action on a promissory note, in which the defendant had promised to pay him a sum of money, *at* Mr. *E. L.'s counting-room, in Cross-street, Boston ;* and omitted to aver a demand at the place of payment. The defendant pleaded to the action, that before the note became due, he had placed funds sufficient to pay it, in the hands of the said *E. L.,* and authorized him to pay and discharge it, to which there was a demurrer. It was determined by the court, that a demand at the place was not a condition precedent; and that the defendant, if ready with his money, might plead it as matter of defence with a *profert in curia.* The weight of decision, from this brief statement, will appear to be much against the legal necessity of averring a demand at the place appointed for payment.

On principle, I am led to a similar result. What was the intent and understanding of the parties, in rendering the note payable at a certain place ? Was it, that the debt should be lost, if there were not a strict presentment and demand on the day, and at the place of payment ; or was it only, that the debtor should stand excused of damages and costs, if he were ready to pay the money at that place, according to his contract ?

In support of the rigid construction, rendering the demand a condition precedent, there are the *words* of the contract only ; but that a presentment and demand were not understood to be an essential part of the contract, the *subject matter*, and the *effects* and *consequences*, make it abundantly manifest.

It can scarcely be believed, that the creditor should agree with his debtor, or that the latter should request an agreement, if through accident or negligence, the demand were

HARVARD LAW LIBRARY

*Litchfield,*
*June,*
*1823.*

*Eldred*
*v.*
*Hawes.*

not strictly made, at the time and place prescribed, that an honest debt should be forever lost; and yet on this foundation rests the defendant's objection. In subversion of this idea, it is indisputably established, where a mere duty is promised to be paid upon request, (and every promissory note presupposes an antecedent debt,) that no actual request is necessary. 1 *Saund.* 32. And although this rule may be varied, by an express agreement of the parties; yet such an agreement should appear with unquestionable force.

It requires no authority to show, that every contract, so far as it may be done consistently with its terms and subject-matter, should receive a construction, in avoidance of injustice and inconvenience. What can be more unjust, than to require, on the part of a creditor, a rigid punctuality of demand, on pain of forfeiture of a debt? What more inconvenient, amidst the multiplied occurrences of life, often interfering with the strictest attention to all a person's concerns, than the indispensible observance of so rigid a requisition?

The analogous decisions furnish a powerful argument in support of the construction for which I contend. In bonds, with or without penalty, for the payment of money at a particular place, it is not necessary that the creditor should aver in his declaration, that a demand was made at the place; but the defendant, by way of excuse against damages and costs, must show, that he was ready at the place to pay, but, that no one was there, on the part of the creditor, to receive. The same law is established with respect to rent, where a particular place of payment is expressed in the reservation, or where it is not so expressed, in which latter case, the law makes it payable on the land. In an action on an award, directing money to be paid at a given time and place, the declaration never alleges a demand of the money at the place. Vid. *Rowe* v. *Young*, before referred to, where the cases are particularly cited. Now, what are the legal conclusions resulting from the preceding authorities? They are these; that if a man promise to pay a debt on demand, at a specified time and place, the plaintiff, in his declaration, is not bound to state a demand, because it is not a necessary part of his title, and that a neglect to demand, does not bar his right; but that the defendant, to exonerate himself from damages, may shew his readiness to perform the contract, according to the terms of it.

It may, however, be enquired, if the specification of place in the contract, was not intended to form a condition precedent, by binding down the party to a strict demand at the place, what else could it intend? This question proceeds on the supposition, that the insertion of the place of payment in the note, could subserve no valuable purpose but the one for which the defendant insists. In contravention of this idea, it is very apparent, that the mentioning of a place of payment is attended with important uses. It enlarges the privilege of the promisee of a note, by conferring on him a right to expect a reception of his money at a specified place other than that with which the law had invested him. It imparts a privilege to the maker of a note, by authorizing payment at a certain place, and not limiting him only to a personal demand, and often relieves him from the risk attendant on keeping a large sum of money in his house. Superadded to this, it confers on him the power, by a readiness to discharge his contract at the place prescribed, to prevent the accumulation of interest, or the burden of costs. To assert, that this construction of the contract is free from all possible inconveniences, I do not feel myself justified; but it is demonstrably clear, that the inconveniences are less to the debtor, than the loss of the debt, which attends the other construction, would be to the creditor.

In conclusion, I am of opinion, that the intent and understanding of the parties, in rendering the note payable at a certain place, was not, that the demand of payment should be a condition precedent to a recovery, and on failure of it, the debt should be lost; but that the debtor should stand excused of damages and costs, if he were ready to pay the money at the place, according to his contract.

The other Judges were of the same opinion.

Judgment for plaintiff.