BOND *against* STORRS.

Where the payee of a note, having endorsed it, afterward comes fairly to the possession of it again, he will be regarded, at least *prima facie*, as the proprietor of it; and may, even at the trial, strike out all subsequent indorsements, and recover upon it, in his own name, without a re-indorsement to him.

A presentment and demand, at the time and place of payment, of a note payable at a future day, is not a condition precedent to a right of recovery upon it against the maker.

Where *A* and *B*, makers of a note, described themselves in the body of it, thus, " We, *A* as principal, and *B*, as surety;" in an action against *B* alone, it was held, that *B* was responsible to the plaintiff, as a principal, equally with *A*, and could shield himself, by no defence, which was not available to *A*.

Where the declaration, in such case, averred, that " the defendant, as surety, and *A* as principal, promised the plaintiff, jointly and severally, to pay him," &c. it was held, that the defendant, by executing the note himself, adopted its language and thereby admitted that *A* was a joint and several promiser with himself; consequently, proof of the hand-writing of the defendant alone was sufficient.

THIS was an action against the defendant, as the maker of a promissory note. The declaration alleged, That the defendant, as surety, and *John A. Tracy*, as principal, in and by a certain writing or note, under their hands, by them well executed, dated the 27th day of *January*, 1836, promised the plaintiff, jointly and severally, to pay to him, or order, for value received, the sum of 794 dollars, at the *Commercial Bank of Lake Erie*, in *Cleaveland, Ohio*, in three years from the date of said note.

The cause was tried, on the general issue, at *Hartford*, *January* term, 1840, before *Williams*, Ch. J.

On the trial, the plaintiff produced and read in evidence, the note described in the declaration. It was endorsed

" *Thomas Bond.*
Pay to order of *R. Chapman*, Esq.
*Henry Seymour*, cashier."

The plaintiff then gave evidence, to prove the hand-writing of the defendant, and offered no other testimony. After the argument of the cause had been commenced, the counsel for the plaintiff, without any permission of or interference by the court, erased the whole of the endorsements from the note, in opposition to objections, made at the time, by the counsel for the defendant.

The defendant claimed, and so asked the court to decide, as matter of law, that the plaintiff could not recover; 1. Because the note and the endorsements thereon, showed, that the note, when exhibited in evidence, was not the property of the plaintiff, but was the property of the last endorser: 2. Because there was no evidence adduced by the plaintiff to show, that the note, at maturity, was presented for payment at the bank where it was made payable; and that the defendant, as surety, was not holden, unless it was so presented: 3. Because the plaintiff introduced no evidence to prove the hand-writing of *Tracy*, the principal; without proof of which, the plaintiff could not recover in this action.

The plaintiff resisted these claims of the defendant, and the court decided against them, and rendered judgment for the plaintiff. The defendant thereupon moved for a new trial.

*T. C. Perkins*, in support of the motion, contended, 1. That this action could not be sustained in the name of the present plaintiff, he not having the legal interest in the note. *Lee* v. *Jilson* & al. 9 *Conn. Rep.* 94. The note purported on its face to be the property of *R. Chapman*. His title was complete, by the special endorsement. *Burdick* v. *Green*, 15 *Johns. Rep.* 247. 249. Mere possession after this, was no evidence of title. *Gorgerat* & al. v. *McCarty*, 2 *Dal.* 144.

2. That the plaintiff cannot erase endorsements at pleasure, especially after the evidence is closed and the argument commenced.

3. That *as against this surety*, the plaintiff was bound to allege and prove a presentment at the bank in *Ohio*. The contract of a surety is a peculiar one: nothing is to be taken against him by *inference*. *Griffith* v. *Reed* & al. 21 *Wend.* 502. *Dobbin* & al. v. *Bradley*, 17 *Wend.* 424.

4. That the signature of *Tracy* being alleged in the declaration, it was incumbent on the plaintiff to prove it; and not having done so, there is a fatal variance. He has alleged that *two*, and proved that only *one*, signed the note. *Pease* & al. v. *Morgan*, 7 *Johns. Rep.* 468. *Levy* v. *Wilson*, 5 *Esp. Rep.* 180. *Waynam* v. *Bend*, 1 *Camb.* 175. Proof of *Storrs'* hand-writing, is not proof of *Tracy's*; nor does it imply an admission of *Tracy's*. *East-India Company* v. *Trit-*

*Hartford,*
*June, 1840.*

Bond
*v.*
Storrs.

ton & al. *3 B. & Cres.* 280.    *Robinson* v. *Yarrow,* 7 *Taun.* 455.    *Smith* v. *Chester,* 1 *Term Rep.* 654.

*H. Perkins,* contra, contended, 1. That a negotiable note in possession of the payee, and endorsed by him in blank, and by others in full, is in law the property of the payee, and as payee, he is entitled to an action upon it against the maker. A blank endorsement consists of the mere name of the endorser, and becomes a full endorsement, by the insertion of the name of the endorsee.    *Chitt. Bills,* 148.    The blank endorsement of the payee makes the note payable to bearer. *Chitt. Bills,* 148, 9. 150.    *Bayl. Bills,* 104.    And it will continue so payable, although there are other full endorsements on it, which the bearer may strike off from the note, or totally disregard them.    *Chitt. Bills,* 149.    3 *Kent's Com.* 60. 79. *Bayl. Bills,* 105, 6.    *Smith* & al. v. *Clark, Peake's Ca.* 225. *Barker* v. *The United States,* 1 *Paine's C. C. Rep.* 156. *Dugan* v. *The United States,* 3 *Wheat.* 172. 183.    *Norris* v. *Badger,* 6 *Cowen* 449.    *Picquet* v. *Curtis,* 1 *Sumner* 478. *Warren* v. *Gilman,* 3 *Shep.* 70.    *Green* v. *Jackson, Id.* 137. And the note being returned to the payee, he may declare on it as payee, though there is a subsequent special endorsement remaining on it.    *The United States* v. *Smith,* 11 *Wheat.* 171. *Dugan* v. *The United States,* 3 *Wheat.* 172.

2. That it was not necessary to prove that the note was presented for payment at the time and place mentioned in it. In the first place, no allegation in the declaration of such presentment, was necessary.    *Eldred* v. *Hawes,* 4 *Conn. Rep.* 465.    1 *Sw. Dig.* 431.    *Conn* v. *Gano,* 1 *Ham. Rep.* 486. *Caldwell* v. *Cassidy,* 8 *Cowen* 271.    *The United States* v. *Smith,* 11 *Wheat.* 171.    *Wolcott* v. *Van Santvoord,* 17 *Johns. Rep.* 248.    Secondly, the term " surety" in the note, makes no difference with respect to this point.    It only indicates the relation existing between the makers of the note, and not the terms or conditions of the assignment between the makers and the payee.    *Palmer* v. *Grant,* 4 *Conn. Rep.* 389.    *Hunt* v. *Adams,* 5 *Mass. Rep.* 358.    6 *Mass. Rep.* 519.    *Frey* v. *Barker,* 4 *Pick.* 382.    *Chitt. Bills,* 113. *a.* n.    *Bayl. Bills,* 45.

3. That proof of the hand-writing of *Tracy,* was not necessary.    In the first place, the production of the note itself

shews, that it was made as stated in the declaration. *Chitt. Bills*, 390. Secondly, the signature of the defendant is *prima facie* evidence of the whole instrument according to its purport. *Middletown* v. *Sanford*, 4 *Campb.* 34. *Wilkinson* v. *Lutwidge*, 1 *Stra.* 648. *Jenys* v. *Fawler* & al. 2 *Stra.* 946. *Lambert* v. *Oakes*, 1 *Ld. Ray.* 443.

*I. Perkins*, (a) on the same side, was stopped by the court.

CHURCH, J. The note upon which this action is brought, was executed by the defendant and *John A. Tracy*, and made payable to the plaintiff, or order, three years from its date, at the *Commercial Bank of Lake Erie*, at *Cleaveland*, endorsed by the payee in blank, and endorsed in full, by *Henry Seymour*, cashier, to *R. Chapman*, Esq. The action is prosecuted by *Bond*, the payee, and in his name, notwithstanding said endorsements. On the trial of the cause to the jury, the plaintiff struck out all the endorsements; and to this the defendant objected. The defendant claimed, then, as he does now, that as *Bond*, the payee of the note, had transferred it, by endorsement, the legal title to it was in some one of the endorsees; and that *Bond* could not sustain this action, unless the note had been re-endorsed to himself.

A blank endorsement is an equivocal act, and may be filled up according to the real purpose of the party making it, if consistent with the character of negotiable paper; or it may be struck out, even at the trial, by the plaintiff, the *bona fide* holder of the bill or note. *Lucas* v. *Haynes*, 1 *Salk.* 130. 1 *Sel. N. P.* 305. *in notis. Morris* v. *Foreman*, 1 *Dall.* 193. 2 *Dall.* 147. *Barker* v. *Prentice*, 6 *Mass. Rep.* 430. *Chitty on Bills*, 135. And even when an endorsement is in full, it does not conclusively purport to be for value; it may have been for value, or for collection, for remittance, or for the accommodation of some of the parties. And it is not unfrequent, that where an endorsement is for value, the endorser is compelled to take it up from the holder and pay it. In all these cases, and perhaps all others, where the endorser comes

---

(a) This respectable lawyer died at his residence in *Hartford*, *August* 18th 1840, at the age of 60. He was, at the time of his death, State's Attorney for the county of *Hartford*.

<div style="margin">

Hartford,
June, 1840.

Bond
*v.*
Storrs.

</div>

fairly to the possession of the bill or note again, he will be regarded, at least *prima facie*, as the *bona fide* holder and proprietor of it, and may recover upon it, in his own name, without a re-endorsement, and may strike out all subsequent endorsements.   *Dugan* & al. v. *The United States,* 3 *Wheat.* 172.   *Chatauque County Bank* v. *Davis* & al. 21 *Wend.* 584.   *Gomez serra* v. *Berkley,* 1 *Wils.* 46.   *Callows* v. *Lawrence,* 3 *M. & S.* 95.   *Gould* v. *Eager,* 17 *Mass. Rep.* 615.  *Havens* v. *Huntington,* 1 *Cowen* 387.   *Norris* v. *Badger,* 6 *Cowen* 449.   3 *Kent's Com.* 79.   *Chitty on Bills,* 130. 343.

In the body of the note, the makers are thus described : " We, *John A. Tracy,* as principal, and *Lemuel G. Storrs,* as surety," &c.   The defendant *Storrs* now claims, that he is to be considered and treated as an endorser or surety, and cannot be charged with the payment of this note, because it was not presented and payment demanded at the *Commercial Bank of Lake Erie,* where it fell due.

As it regards the rights of all others but *Tracy,* the defendant *Storrs* must be holden to be a principal, a joint and several promiser of this note, and equally with *Tracy* is responsible for the payment of it, although it was not presented at the time and place of payment.   The courts of this country, so far as we are advised, have not considered a presentment and demand, at the time and place of payment, of a note payable at a future day, as a condition precedent to a right of recovery upon it against the maker, although a contrary doctrine has been holden in *England.   Palmer* v. *Grant,* 4 *Conn. Rep.* 389.   *Eldred* v. *Hawes,* 4 *Conn. Rep.* 465.   *Ruggles* v. *Patten,* 8 *Mass. Rep.* 480.   *Carley* v. *Vance,* 17 *Mass. Rep.* 389.   *Frey* v. *Barker,* 4 *Pick.* 382. 10 *Pick.* 368.   *Wolcott* v. *Van Santvoord,* 17 *Johns. Rep.* 248. *Caldwell* v. *Cassidy,* 8 *Cowen* 271.   *Bank of the United States* v. *Smith,* 11 *Wheat.* 171.   An act of parliament has been found necessary to modify the *English* rule on this subject. 2 *Geo.* 4. c. 78.

It was incumbent on the plaintiff, at the trial, to prove the material allegations in his declaration, and especially such as were descriptive of the note on which he declared ; and of course, to prove the execution of the note by *Tracy* ; but he was bound to prove this only as against the defendant, who

alone was sued; and therefore, might prove it, by the admissions and confessions of the defendant. The defendant, by executing the note himself, adopted the language of the note, and thereby admitted that *Tracy* was a joint and several promiser with himself; and it may well be presumed, that when the defendant signed the note as surety, he knew that *Tracy* had already executed it as principal. *Gray* & al. v. *Palmer* & al. 1 *Esp. Cas.* 135. *Chitty on Bills*, 376. *Sangster* v. *Mazarredo* & al. 1 *Stark. Cas.* 161.

We therefore concur with the judge at the trial on all the points ruled by him, and do not advise a new trial.

The other Judges were of the same opinion, except STORRS, J. who gave no opinion, being related to one of the parties.

<div align="right">

*Hartford,*
*June, 1840.*

Bond
*v.*
Storrs.
</div>

New trial not to be granted.