## ABIJAH LEAVITTE

*v.*

## RANDOLPH COUNTY.

1. BILL OF EXCEPTIONS—*evidence must be preserved, to enable this court to pass on instructions.* Where the bill of exceptions does not contain any portion of the evidence given on the trial, this court can not decide whether there was error in giving or refusing instructions.

2. If a party desires the instructions to be passed upon by this court when no question is made on the evidence, he should at least state in his bill of exceptions that the testimony established certain facts, or that the evidence tended to prove certain facts. The bill of exceptions should contain enough of the facts to show the materiality or application of the instructions asked for.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. J. PERRY JOHNSON, and Mr. SILAS L. BRYAN, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment rendered in the circuit court of Randolph county, against appellant, for obstructing a public highway in violation of the statute. The prosecution was originally commenced before a justice of the peace, and appealed to the circuit court, where a trial was had before a jury, resulting in a verdict against appellant, upon which the court rendered judgment.

The sufficiency of the evidence to sustain the verdict is not questioned, nor is it claimed that error occurred in the admission or rejection of testimony; but a reversal of the judgment is insisted upon by appellant's counsel on the ground, that the court erred in giving instruction number three for appellee, and in refusing instructions numbered two, three, six and eight, for appellant.

The bill of exceptions in this case does not contain any portion of the evidence introduced on the trial. Nothing is in-

corporated in it except the instructions given, and those asked and refused. We have, therefore, no means of knowing what was proven, or even what the testimony tended to prove. Under such circumstances, it is impossible for us to determine whether the court erred in giving or refusing instructions or not. It is a rule of universal application, that the instructions should be applicable to and based upon the facts as proven on the trial. How, then, are we to determine whether the instructions were proper or improper, as the record discloses nothing in regard to the facts proven on the trial? While it would not, perhaps, be necessary, where no question was raised upon the evidence, to incorporate it all in the record as it was given on the trial, yet, if an appellant desires the instructions to be passed upon, he should, at least, have stated in the bill of exceptions that the testimony established certain facts, or that the evidence tended to prove certain facts. Had this course been pursued we could then, in an intelligent manner, have passed upon the instructions; but as the record appears we can not.

The instructions of appellant, which were refused, under a certain state of facts may have been proper, while under other and different circumstances they might have misled and confused the jury; and hence it would have been the duty of the court to refuse them. As was held in *Evans* v. *Lohr*, 2 Scam. 511, the bill of exceptions ought to contain enough of the facts of the case to show the materiality or application of the instructions asked for. *Miner* v. *Phillips*, 42 Ill. 123, is also an authority directly in point on the question. There, the bill of exceptions did not purport to contain all the evidence, and it was claimed the court erred in giving certain instructions; but it was said, "Nor can we perceive any error in giving the instructions. They should always be given in reference to the evidence in the case. On one state of facts, as disclosed by the testimony, an instruction would be strictly proper, while on another state of facts it would be improper, as calculated to mislead the jury. It is, therefore, unnecessary

to consider the instructions unless we had all the evidence before us upon which they were based."

We do not hold it was absolutely necessary to preserve all the evidence in the bill of exceptions, in order to raise the question as to the sufficiency of the instructions, but enough of the facts should be preserved to show the materiality and legitimate bearing of the instructions, otherwise the decision of the circuit court in giving or refusing them can not be reviewed on appeal or error.

As we perceive no error in the record, the judgment must be affirmed.

*Judgment affirmed.*