E. L. SWEET

*v.*

L. C. GARWOOD.

PARTY PLAINTIFF—*right of payee of note to erase indorsement.* If the payee of a negotiable instrument has actually parted with the same, and transferred the title by indorsement, but, subsequently, becomes its owner, he will have the right to erase his indorsement, and reinvest himself with the legal title, and he may do this at any time, if the owner at the time the suit is brought, and he may do the same where he has never, in fact, parted with the title.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. SWEET & DAY, for the appellant.

Mr. THOMAS J. SMITH, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit upon a due-bill in favor of the appellee, against the appellant, where the former recovered. The only question presented is, whether the suit was properly brought in the name of the appellee.

On the back of the due-bill there was the indorsement, in blank, of the name of the payee, the appellee.

At the trial below, the justice of the peace before whom the suit was originally brought testified, on behalf of the defendant, that the due-bill was left with him, for collection, by Mr. Sherfy, a member of the firm of D. Gardner & Co.; that he did not know who was the real owner at that time.

The plaintiff then testified, in his own behalf, that he was

the owner of the due-bill; that he left it with D. Gardner & Co., for collection, in the spring when he went to Colorado; that they never had any interest in it; that it had been his all the time. This was all the evidence.

Thereupon, on leave granted by the court, on motion of the plaintiff, he erased his indorsement in blank on the due-bill, to which the defendant excepted.

Even where the payee of a negotiable instrument has actually parted with the same, and transferred the title by indorsement, if he subsequently becomes the owner of the instrument, his right to erase his own indorsement, and thereby reinvest himself with the legal title to the instrument, and the right to maintain a suit in his own name, is too well settled by authority to be questioned, and he may do this at the trial, if he was the owner at the time the suit was commenced.

The judgment is affirmed.

*Judgment affirmed.*