# ADDIE ROTHSCHILD
## v.
## CHARLES J. BRUSCHKE ET AL.

*Negotiable Instruments—Note—Suit on Parties—Pleading—Amendment.*

The filing of a new declaration in the name of the person to whom a note was indorsed, together with his substitution as party plaintiff after the institution of suit thereon in the name of the indorser, will not warrant a judgment in behalf of the indorsee.

[Opinion filed June 14, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. Flower, Remy & Holstein, for appellant.

Messrs. Allan C. Story and Fred. W. Story, for appellees.

Garnett, P. J.   This action of assumpsit in the Circuit Court was brought originally in the name of S. Kuhn and others as plaintiffs, against the appellees.   The foundation of the suit was a promissory note executed by appellees to the order of Addie Rothschild.   The note was indorsed and delivered by her to S. Kuhn & Sons, the original plaintiffs, who were the legal and equitable owners and holders of it when this suit was commenced.

Some time after the beginning of this suit S. Kuhn & Sons re-transferred the note to appellant, and leave was then given in the court below to amend by substituting the name of appellant as plaintiff in place of S. Kuhn & Sons, and the same was done, a new declaration being filed with her name appearing therein as plaintiff.   The case was tried by the court without a jury; finding and judgment for defendants, and appeal by plaintiff.   It is a well settled rule that the plaintiff, to recover, must be the legal owner of the cause of action.   1 Chitty on Pleadings, 2; Chadsey v. Lewis, 1 Gilm. 153; Kyle v. Thompson, 2 Scam. 432; Lohman v. Cass Co. Bank, 87 Ill. 616; Sweet v. Garwood, 88 Ill. 407.   At the time the suit was commenced Kuhn & Sons were the legal owners of the note.   The suit was properly in their names. It follows that she could not have maintained the action if it had been originally brought in her name.   Otherwise she and Kuhn & Sons might have maintained separate actions at the same time against the makers when the legal and equitable title to the note was in Kuhn & Sons only.   Her position is not improved by her acquisition of the title after the suit was commenced.   She comes into the case with the same right she would have had if the suit had been commenced in her name.   C. & N. W. Ry. Co. v. Jenkins, 103 Ill. 588; McCall v. Lee, 120 Ill. 261; Kenyon v. Sutherland, 3 Gilm. 104; Burnap v. Cook, 32 Ill. 168.

The judgment is affirmed.

*Judgment affirmed.*