# PENNSYLVANIA COMPANY
## v.
## ALFRED SWAN ET AL.

*Railroads— Negligence—Personal   Injuries— Crossings— Speed   and Signals—Evidence—Instructions—Practice—Bill of Exceptions.*

1.   When legal questions alone are presented, the better practice is for the bill of exceptions to state that the evidence tended to prove the fact on which the instruction supposed to be erroneous was given or refused.

2.   In an action brought to recover from a railroad company for the death of a person alleged to have been occasioned through its negligence, this court holds, in view of the evidence, that the judgment for the plaintiff must be affirmed.

[Opinion filed June 30, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. GEORGE WILLARD, for appellant.

Mr. JOSEPH S. KENNARD, JR., for appellees.

GARNETT, J.   Joseph E. Swan was injured by one of appellant's passenger trains, at the crossing of its tracks at Fortyseventh street, in the town of Lake, in Cook county, on January 10, 1888.   He died the 20th of March following, and this action was based on the theory that the injury was the cause of his death.   Judgment being given for the plaintiffs, the defendant brings the record to this court.

One Booty, a witness called for appellees, was asked on redirect examination how fast he thought the train was going at the time of the collision, and answered, " fifteen or twenty miles an hour."   On his re-cross examination he was asked : " Supposing that this train was made up of an engine and three cars, and had an air brake, how soon do you think it could be stopped after the air was applied ?" and " How soon do you think a train of this kind could be stopped, moving at that rate of speed, if the air brake was applied immediately upon the collision taking place ? "   To each of the questions an objection was made and sustained.   Waiving all other criticisms of the question, it is apparent that no foundation was laid by the plaintiffs' examination for any inquiry of this witness in that direction, and so the rulings were right.

Two counts of the declaration were based on an alleged breach of Sec. 1 of an ordinance of the town of Lake, prohibiting the running of any passenger train at a greater rate of speed than ten miles an hour, and another count was based upon an alleged breach of Sec. 4 of the same ordinance, requiring that every locomotive engine, railroad car, etc., running in the night time on any railroad track in the town, should have and keep a brilliant and conspicuous light on the forward end thereof.   Appellant says the instructions for the plaintiffs allow recovery on any count in the declaration, while the proof fails to show this ordinance was in force

on June 10, 1888. This is a manifest oversight. The bill of exceptions states that the ordinance was then in full force and effect. The evidence by which the ordinance was proved to be in full force and effect, is not given, but the certificates of the judge that it was in full force and effect, is certainly not less effectual than would be a statement that evidence was given tending to prove the fact. No evidence was given tending to prove that the ordinance was not in force at the time in question. Hence, it is plain that this question was not one which depended on the weight to be given to either side when there was conflicting evidence, and, further, it must be presumed that the evidence which was given was such that the trial judge was justified in certifying, as a fact, that the ordinance was in force. This point raises only a legal question not complicated with any of the questions of fact in the case. When legal questions alone are presented, the better practice is, for the bill of exceptions to state that the evidence tended to prove the fact on which the instruction, supposed to be erroneous, was given or refused. Schmidt v. C. & N. W. Ry. Co., 83 Ill. 405; Leavitt v. Randolph Co., 85 Ill. 507. The point now under discussion would not have been substantially different had the bill of exceptions stated that there was evidence tending to prove that the ordinance was in force.

The physician who attended the deceased made a written certificate, which was filed with the county clerk, stating that Bright's disease was the cause of death. The certificate was, apparently, made on a printed blank prepared for that purpose. The form set forth thirteen different items of information for the physician to give. Two of them, as they appeared on the certificate in question, were as follows:

"10. Cause of death, Bright's disease; complications.

"11. Duration of disease, nine weeks. Duration of complications."

Appellant claims that the certificate was a contradiction of the evidence of the physician, as he testified that Swan died with Bright's disease, but that it was attended with complications. Now, appellant insists that an instruction, which it

asked, informing the jury that it was the legal duty of the physician to report to the county clerk the primary and immediate cause of Swan's death, and whether there were any complications attending such cause, should have been given. If any instruction bearing upon the supposed contradiction would have been proper, clearly this one was not. Sec. 4, Chap. 126 R. S., only requires the attending physician, in case of death, to report the cause of death and such correlative facts as the board of health may require. No proof was given of what correlative facts the board required a report, and therefore the instruction can not be said to have stated the truth.

Examination of the facts satisfies us that no injustice has been done. The deceased was a young man who, though he had formerly suffered from ill health, was apparently in good health at the time of, and for several years immediately preceding the injury. He was capable of earning, and did earn, fair wages, which he used in the support of his mother, who survives him. When he was crossing appellant's tracks in a buggy, on the night in question, with every precaution that a reasonably prudent man would employ, when the gates were upright and no signal or warning of danger given, a train, running, as we think the evidence fairly shows, at an unlawful rate of speed, rushes upon him and brings him to his death. We can find in the record no excuse for appellant's negligence, and no error in the proceedings.

The judgment is affirmed.            *Judgment affirmed.*