LOUIS DAUBE

*v.*

WALTER TENNISON, by his next friend.

*Filed at Ottawa January 15, 1895.*

1. APPEAL—*stipulation that bill of exceptions may be "inserted in the record."*    A stipulation that the original bill of exceptions may be "inserted in the record," means the "transcript of the record," and not the record itself.

2. SAME—*error not assignable on opinion of Appellate Court.*    Error cannot be assigned in this court on the opinion of the Appellate Court.

3. INSTRUCTIONS—*that negligence of child's mother will defeat recovery, erroneous.*    An instruction in an action by a child for personal injuries, that if plaintiff's mother, in charge of him at the time of the accident, did not exercise due care and caution to avoid the injury, and her want of care and caution contributed to it, the defendant should be found not guilty, is incorrect, but being too favorable to the defendant he cannot complain of it.

4. SAME—*limiting cause of accident—when not error.*    An insertion by the court in a requested instruction, of a word limiting the cause of the running away of a team to a certain fact, is not prejudicial error, where there is no claim that there was any other cause.

*Daube* v. *Tennison,* 54 Ill. App. 290, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

B. M. SHAFFNER, for appellant.

E. W. ADKINSON, for appellee.

BAKER, J.:   This is an action on the case, instituted by appellee, by his next friend, against appellant, in the circuit court of Cook county, to recover damages for personal injuries alleged to have been sustained by him through the negligence of appellant's servant. The cause was twice tried before a jury, and in each instance the verdict was in favor of appellee, whose damages on the second trial were assessed at $1750, of which amount $500 was remitted, and judgment rendered against appellant for $1250.   On appeal to the Appellate Court that judgment was affirmed.

The original bill of exceptions in this case was taken to the Appellate Court under a stipulation that it might be "inserted in the record," and that court, in its opinion, gave as an additional reason for affirming the judgment of the circuit court that the stipulation provided as it did, instead of that the original bill of exceptions might be inserted in the *transcript of the record,* as provided by the statute, and this portion of the opinion is seriously objected to by counsel for appellant. The stipulation manifestly meant "transcript of record," and not the "record" itself.   That was plainly the intention of the parties. (*Lake Shore and Michigan Southern Railway Co.* v. *Hessions,* 150 Ill. 546.)   Errors cannot, however, be assigned on the *opinion* of the Appellate Court.   But even if we look to the "opinion," it affirmatively appears that that court did consider the bill of exceptions as a part of the transcript, and considered the assignments of error.

By the judgments of the circuit and Appellate Courts the facts in this case have been conclusively settled adversely to appellant.   Appellee was injured by a runaway team of horses attached to a wagon, and the special findings of the jury were that the injury was caused by

the negligence of the driver in not hitching or fastening the team.

The record discloses no substantial error in the rulings of the trial court in regard to the admission of testimony.

It is contended by appellant that the trial court erred in modifying the third and fifth instructions asked in his behalf. The modification of the third offered instruction was made by adding to the following portion of it the words in italics : "And if the jury believe, from the evidence, that the mother of the plaintiff was in charge of him at and previous to the happening of such accident, and that at such time she was not in the exercise of due care and caution to avoid such accident, *and that her want of care and caution contributed to the injury,* then the jury will find the defendant not guilty." The instruction did not state the law correctly, either before or after its modification, (*Chicago City Railway Co.* v. *Wilcox,* 138 Ill. 370,) and even as modified and given to the jury it stated the law much more favorably to appellant than he was entitled to have it stated, and he is therefore in no position to complain.

In his fifth offered instruction appellant asked the court to tell the jury, that if his horses were frightened by the noise and escaping steam of a locomotive engine, and in consequence thereof, without any negligence on the part of himself or his agents, the team ran away, he would not be liable. This the court did, after having inserted the word "solely," so as to make it read, "and in consequence thereof solely," etc. There was no pretence by appellant that there was any other reason for the team running away than being frightened by the escaping steam, and we fail to see how the addition of the word "solely" could have injuriously affected his rights.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*