## Michael C. McDonald v. The Western Tube Company.

1. PARTNERSHIP—*Liability of Partners.*—One partner can not be held liable upon a note given by his firm without his knowledge, consent or ratification for a consideration, to which the payee knew the firm in whose name it was given, was a stranger.

2. PRACTICE—*Error in Instructions.*—To present the question of error on instructions. the bill of exceptions need not contain all the evidence. Enough to show the pertinency of the instruction is sufficient.

**Assumpsit,** on a promissory note. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed June 1, 1896.

EDWARD MAHER and CHARLES C. GILBERT, attorneys for appellant; A. B. JENKS, of counsel.

ASHCRAFT, GORDON & COX, attorneys for appellee; IRA C. WOOD, of counsel.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

July 1, 1889, the appellant formed a copartnership with Michael J. Tierney under the name of M. J. Tierney & Co., and put his brother Edward S. McDonald into it, as his representative. The business was to be the manufacture, buying and selling of all goods relating to machinists' supplies and everything to said business belonging.

July 11, 1890, Edward S. McDonald, Michael J. Tierney and B. B. Maginn, organized another firm, which they called the Globe Steam Heating Company, for manufacturing, constructing, repairing and selling steam and water heating and ventilating apparatus.

The appellant sought to defend upon the ground that the note upon which judgment has been recovered in this case was for goods only appropriate to the business of, and sold to, the last named firm, and that without his knowledge, consent or ratification, the note of the firm in which he was a partner was given for the debt of the other firm. That was in effect the only question in issue.

Witnesses on the side of the appellant did testify that the goods were sold by the appellee to the Globe Company; that a note of the other firm was given for the price of the goods, and after some renewals, the note sued upon finally ended the transactions.

It is not claimed by the appellee that the appellant had actual notice of these transactions, but it insists in effect, that the Globe Company was only a name in which the busi-

ness of the firm in which the appellant was a partner, was conducted; that the appellee knew nothing of the Globe Company; sold the goods to the firm of the appellant, and that at all events it was entitled to recover because, having sold the note prior to this one, and being applied to by the firm of the appellant to renew it, the appellee furnished the money to pay that note, and took the one in suit for that money, which was a new consideration of which the firm of the appellant had the benefit. This condensation of the positions of the parties is dug out of a mass of testimony given on a trial which begun December 17, 1895, and ended January 3, 1896.

Now these were questions of fact for the jury as to the origin of the transactions resulting in the note in suit.

If the goods were sold to the Globe Company upon the credit of that company, and if it was a separate concern from the firm of the appellant, the appellee could not hold the appellant upon any paper given by the firm in which he was a partner—if such paper was given without his knowledge, consent or ratification—the consideration of which ran back to, or was in continuation of, the series of which the note given for the price of the goods was the first. If the appellee sold the goods to the Globe Company, it knew what it had done, and could not hold the appellant liable upon a note given by his firm, without his knowledge, consent or ratification, for a consideration to which the appellee knew that the firm in whose name it was given was a stranger. Gray v. Ward, 18 Ill. 32.

Nor is the case any stronger by the fact that when notes given in the name of the firm became due, and by the act of the appellee were in the hands of *bona fide* holders, who might have enforced them against the appellant, the appellee advanced money to the offending partner of the appellant to pay a note which the appellee knew that the appellant ought not to be required to pay.

No case against the appellant could be thus manufactured. Had the appellee, instead of furnishing money to take up the notes, taken them up itself, under its presumable obli-

McDonald v. Western Tube Co.

gation as indorser, it would thereby have been reinstated in its first condition as payee. Sweet v. Garwood, 88 Ill. 407; Bond v. Storrs, 13 Conn. 412.

The form of advancing the money to the offending partner with which to pay the holder instead of paying the holder direct can not change the substance.

This opinion will not, or ought not to, be understood as indicating any opinion by this court on the facts; but only as holding that the credibility of the witnesses who testified to alleged facts, should have been left to the jury. The transactions with the appellee, whoever may have been the other party, were in the fall of 1891. The note sued upon was dated May 20, 1892.

In the interval the firm of the appellant had, if not with his previous consent, at least with his subsequent ratification, bought the assets of the Globe Company, but without assuming its liabilities. That transaction does not affect the relations of the parties to this suit.

The court instructed the jury absolutely to find for the plaintiff. This was error, and the judgment is reversed and the cause remanded.

The criticism upon the bill of exceptions is in effect that it has no formal commencement, but it has a formal conclusion, and is sufficient. Reversed and remanded.

MR. PRESIDING JUSTICE GARY ON PETITION FOR REHEARING.

The petition says "the court erroneously assumes that witnesses on the side of the appellant testified that the goods * * * were sold by the appellee to the Globe Steam Heating Company."

The original brief of the appellee says, speaking of witnesses for the appellant, " swore to the purchase of goods by that firm," and the abstract states some of the testimony thus :

" This (the note sued upon) is the renewal of a note that was given eight or nine months previous to this for a lot of goods that were ordered."

" The former note was given to the agent as security for

payment of goods received by the Globe Steam Heating Company." M. J. Tierney & Co. "had no transactions with the plaintiffs at any time." "At the time of the giving of the note I knew what goods had been sold to the Globe Steam Heating Company. They were sold through Agent Duger (he was agent of the appellee). Duger did his talking with B. B. Maginn, the manager of the Globe Company." Invoices "were made out, Western Tube Company to Globe Steam Heating Company."

Without quoting more, I think the petition "erroneously assumes" the want of testimony on that subject; and therefore a peremptory instruction—in effect—to disregard the testimony, was error.

To present the question of error on instructions, the bill of exceptions need not contain all the evidence. Sidwell v. Lobly, 27 Ill. 438; Peoria P. & J. R. R. v. McIntyre, 39 Ill.; Gallagher v. Brandt, 52 Ill. 80.

Enough to show the pertinency of the instruction is enough. 3 Ency. Pl. & Pr. 451; Penna. Co. v. Swan, 37 Ill. App. 83, and cases there cited.

The slovenly document which the appellee thinks ought not to be considered a bill of exceptions, begins:

"STATE OF ILLINOIS ⎰ ss.    In the Superior Court of Cook
   Cook County. ⎱            County.

WESTERN TUBE COMPANY ⎫
        v.          ⎪
MICHAEL J. TIERNEY,    ⎬       Bill of exceptions.
MICHAEL C. McDONALD. ⎭

Transcript of testimony taken on the trial of above entitled cause, before the Honorable Henry V. Freeman, one of the presiding judges of the Superior Court of Cook County, begun December 17, 1895, ending January 6, 1896."

Then is entered what appears to be the complete history of a very tumultuous trial, and ends with: "Inasmuch as the matters and things herein contained do not fully appear of record, the defendant tenders this his bill of exceptions, and prays that the same may be signed and sealed by the judge

of this court, pursuant to the statute in such case made; which is done accordingly this 11th day of February, 1896.

HENRY V. FREEMAN,     [SEAL.]

Judge of the Superior Court of Cook County."

We must regard that document as a bill of exceptions. It was so understood by all. Close criticism is not to be encouraged. Daube v. Tennison, 154 Ill. 210; Ames & Frost v. Stachurski, 44 Ill. App. 310; 145 Ill. 192.

The petition for a rehearing is denied.