American Vault, Safe & Lock Co., F. A. Bigford, Interpleader, v. Warren Springer.

1. BILL OF EXCEPTIONS—*Sufficient Stipulation to Incorporate into the Record.*—The following stipulation is held sufficient: "It is hereby stipulated and agreed that the original bill of exceptions in the above entitled cause may go into the record to the Appellate Court, in lieu of a copy of the same."

Attachment.—Interpleader. Trial in the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed February 23, 1899.

The judgment here reviewed was rendered upon trial of issues upon an interpleader by F. A. Bigford in an attachment suit brought by Warren Springer against the American Vault Safe & Lock Company. The American Vault Safe & Lock Company was defaulted for want of plea in the attachment suit, and judgment was rendered against it in favor of Springer for $1,268.33. That judgment was reviewed upon writ of error in this court and the judgment was affirmed. Am. V. S. & L. Co. v. Springer, 73 Ill. App. 232.

On March 23, 1896, an interpleader was filed by Bigford. Issue was joined thereon, and upon trial by the court with

a jury, a verdict and judgment thereon resulted in favor of defendant in error. To review that judgment this writ of error is prosecuted.

PINNEY & ORR, attorneys for plaintiff in error F. A. Bigford.

W. N. GEMMILL, attorney for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

The judgment of this court in Am. V. S. & L. Co. v. Springer, reported in 73 Ill. App. 232, disposes of all questions here sought to be raised in relation to the procedure of the trial court leading up to the judgment in the original suit.

The only matters now open to consideration are such as pertain to the proceeding upon the interpleader.

In July, 1893, the American Vault Safe & Lock Company was largely indebted to Springer for rent. Springer was pressing the company for payment, and had declined to allow it further time. On July 29, 1893, the company made a bill of sale, by which it conveyed to F. A. Bigford all its stock of safes and other property contained in its store. Afterward Springer sued out an attachment, which was levied upon twenty-two safes and two desks, covered by the bill of sale. The attachment suit was determined in this court as above indicated. The interpleader sought to reach these safes and desks, claiming them under the bill of sale of July 29, 1893.

The question of fact presented is as to the validity of the bill of sale.

Without attempting to review all the evidence bearing upon this issue, it is sufficient to refer to a portion of it and to say that it all taken together establishes conclusively, as we view it, that the bill of sale was fraudulent. F. A. Bigford, to whom it was given, is a son of M. A. Bigford, who was in the employ of the American Vault Safe & Lock Company. F. A. Bigford had no financial resources what-

ever. He was employed in another house, in a different line of business, and was receiving a salary of five dollars per week. He never took any actual possession of the property. There was an attempt at formal and fictitious delivery of possession, by having the young man go to the store of the American Vault Safe & Lock Company, accept the bill of sale, for which he paid nothing, save by executing his note, and by pretending to place his father in charge. The business of the company was afterward conducted by the same agents as before, and the young man who had pretended to purchase had nothing in reality to do with its management.

F. A. Bigford said in his testimony: "I suppose it was a legal proceeding, turning the goods over to me; nobody told me it was. Mr. Underwood (an employe of the American Vault Safe & Lock Company) did not tell me to do that; he said, 'we will go through the stock, and I will *turn it over* to you.' I did not have any money nor any bank account. I hadn't any property." Ray, an employe of the American Vault Safe & Lock Company, testified: "Underwood turned over the bill of sale and walked around through the stock and turned to him (Bigford) and said, 'I wish *to turn over* this stock to you.'"

The note given by Bigford was credited by moneys received in course of business by the company, and after a time was surrendered and a new note given for the balance shown by the first note. Bigford testified as to the notes, "I gave a note signed by myself. No security. I don't remember how long it was to run. I am sure my father paid something. I did not see him pay it; the difference between $1,080.66 and $2,999.63 is what has been paid up to March, 1894; then I gave a new note. I signed it. I don't remember the date. Have paid nothing on it. Don't remember how long that note was to run." It is perfectly clear, from this and much other evidence in the record, that no money was ever in fact paid by Bigford upon the note, and that all credits upon the same were fictitious, or based upon moneys received by the company from its sales in course of business. The whole transaction was a fraud, and the jury could have found no other verdict.

It is scarcely worth while to notice at length alleged errors in procedure, for it is so apparent that substantial justice is done by the verdict and that no different verdict could have been allowed to stand, that no mere error in procedure would lead us to interfere with the result of the trial.

The evidence objected to, if improper to establish an agency, was proper for purposes of consideration.

We find no substantial error in the instructions, which could have operated to the prejudice of plaintiff in error.

Defendant in error has moved to strike the bill of exceptions from the record, and we have reserved that motion to the final disposition of the case. The motion must be denied. It is stipulated by the parties as follows:

"It is hereby stipulated and agreed that the original bill of exceptions in the above entitled cause may go into the record to the Appellate Court, in lieu of a copy of the same."

It is contended that the stipulation does not provide that the original bill of exceptions may be made a part of the transcript, but only that it may become part of the record. It is perfectly apparent that the intent of the parties was to incorporate the original bill in the transcript, with the making of which they had something to do, and not to make it a part of the record, with which they had nothing further to do. The stipulation is sufficient. L. S. & M. S. Ry. v. Hessions, 150 Ill. 546; Daube v. Tennison, 154 Ill. 210.

The motion to strike the bill of exceptions from the record is denied.

The judgment is affirmed.