## The Almini Company v. Charles H. King.

1.  EVIDENCE—*Incomplete Contracts Inadmissible.*—A contract which refers to "plans and specifications" as "herein made a part" of the contract, but which are not attached to it, and which contain nothing to locate or identify them in any way, is incomplete and not admissible in evidence.

2.  PRACTICE—*Construction of a Stipulation that the Original Bill of Exceptions May Be Used in Making Up the Record for an Appeal.*—A stipulation that the original bill of exceptions may be used "in making up the record for an appeal," and no copy need be made "to be inserted in such record," manifestly means "transcript of the record," and not the record itself.

**Assumpsit,** for damages for a failure to comply with the terms of a contract. Error to the County Court of Cook County; the Hon. H. W. JOHNSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed. Opinion filed December 4, 1900.

GEO. W. WILBUR, attorney for plaintiff in error.

JOHN B. BRADY, attorney for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Defendant in error sued to recover damages for the failure of plaintiff in error to comply with the terms of an alleged contract in writing, by which it is said to have agreed to do the painting and glazing upon a house in process of construction. Judgment was rendered in favor of defendant in error, from which an appeal was prayed, which was dismissed for want of a complete record. The cause now comes up on a writ of error.

Plaintiff in error submitted to the architect an estimate of the "cost of painting, varnishing, etc.," according to the plans and specifications, which estimate was in the nature of a bid. Subsequently a contract was signed at the office of the architect, which provided not only for the painting, but in addition thereto for glazing, "according to the plans and specifications, scale and detailed drawings, which are

herein made a part and illustrative of this contract." When it was discovered that the contract, as signed, called for glazing in addition to the "painting, varnishing, etc.," for which only the estimate had been made, and that defendant in error required the glass to be furnished and set in addition to the painting, and at the price for which plaintiff in error had contemplated doing the painting alone, notice was served upon the architect that the terms of the contract in that respect would not be complied with. It is not disputed that the estimate submitted did not include the glazing, and it is quite apparent that plaintiff in error did not intend to contract to do it at the price named. The contract was offered in evidence. It states that the plans and specifications, to which it refers, are "herein made a part" of it. They are not, however, attached to the instrument, nor is there anything in the contract to locate or identify them in any way. The contract, therefore, as offered, and upon which defendant in error bases his claim to recover, is incomplete. The original specifications, as prepared, were introduced, but there is no evidence that they were ever seen by the Almini Company or its agents, either before or at the time the contract was signed, or that they ever were in any way attached to or made a part of or identified in the contract, and there is evidence to the contrary. The incomplete contract was not admissible in evidence, and the objection thereto should have been sustained.

We do not understand the statement made in the brief of defendant in error that this point " was not even suggested to the trial court." Objection was made to the introduction of the contract, which objection appears both in the abstract and in the corresponding page of the record. Exception was duly taken when the objection was overruled by the court below.

The bill of exceptions was clearly filed in proper time, as a simple computation shows. The stipulation that the original bill of exceptions should be used in " making up the record for appeal " and no copy need be made " to be

inserted in such record," manifestly meant "transcript of record," and not the record itself. L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546; Daube v. Tennison, 154 Ill. 210; Am. Vault, Safe & Lock Co. v. Springer, 80 Ill. App. 231. The judgment of the County Court is reversed.